# FILED
## UNDER
# SEAL

Prob12C
D/NV Form
Rev. June 2014

United States District Court
for
the District of Nevada

**PETITION FOR SUMMONS
FOR OFFENDER UNDER SUPERVISION**

Name of Offender: **Angelica Kimber**

Case Number: **2:10CR00055**

Name of Sentencing Judicial Officer: **Honorable Roger L. Hunt**

Date of Original Sentence: **March 29, 2012**

Original Offense: **Bank Fraud, Aiding and Abetting**

Original Sentence: **1 Days prison, followed by 60 Months TSR.**

Date of Prior Revocation: **May 16, 2016**

Revocation Sentence: **Reinstated with additional special conditions**

Date Supervision Commenced: **March 29, 2012**

**PETITIONING THE COURT**

☒ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Alcohol Abstinence - You shall refrain from the use and possession of beer, wine, liquor, and other forms of intoxicants.**

   On January 17, 2017, Kimber provided a breath alcohol test which yielded a reading of .039 and .038 percent breath alcohol concentration (BAC), respectively. She admitted to Supervisory U.S. Probation Officer (SUSPO)Todd Fredlund that she consumed one Mike's Hard Lemonade (8% Alcohol) prior to coming to work that morning.

   On January 18, 2017, Kimber admitted to this officer she had consumed alcohol on the following dates:

RE: Angelica Kimber

Prob12C
D/NV Form
Rev. June 2014

December 31, 2016
January 14, 2017
January 15, 2017
January 16, 2017

2. **Do Not Commit Another Crime** - **You must not commit another federal, state or local crime.**

   On January 17, 2017, Kimber violated Nevada Revised Statute (NRS) 484B.150, by maintaining an open container of alcohol within her vehicle.

   As reflected in allegation #1, Kimber was tested for alcohol by SUSPO Fredlund on January 17, 2017, at her place of employment. Kimber admitted to SUSPO Fredlund that she had purchased the alcohol prior to arriving at work on this date. Kimber showed SUSPO Fredlund the can of alcohol, which was opened and situated in the center console of her vehicle with a trace amount of alcohol remaining in the can.

3. **Must Answer Truthfully** - **You must answer truthfully the questions asked by your probation officer.**

   On January 17, 2017, Kimber reported to the undersigned officer that she drank alcohol earlier this date because she was anxious to speak to SUSPO Fredlund. It is noted SUSPO Fredlund left Kimber a voice mail on January 13, 2017, requesting a return call. Kimber returned this call on January 17, 2017, at approximately 8:02 a.m. A receipt for the alcohol Kimber purchased on this date reflects she purchased the alcohol at approximately 8:50 a.m. Kimber purchased the alcohol subsequent to placing her call to SUSPO Fredlund, therefore being untruthful.

4. **Debt Obligations** - **You shall be prohibited from incurring new credit charges, opening additional lines of credit, or negotiating or consummating any financial contracts without the approval of the probation officer.**

   Between June 2014 and December 2015, Kimber opened a total of five lines of credit with various credit card companies. Kimber failed to obtain permission from her probation officer to establish any lines of credit.

   From the credit report, it appears four of the accounts have been charged off due to lack of payment. The fifth account's status is unclear. There is a $2,200 credit line on the account; however, no outstanding balance is listed.

RE: Angelica Kimber

Prob12C
D/NV Form
Rev. June 2014

Kimber's outstanding balances that have been charged off from the three of the four accounts total $2,019.

Kimber applied for a loan with Speedycash on December 18, 2015, however, the report does not reflect if the loan was granted or denied. Additionally, if approved, no dollar amount was reported.

In July 2015, $425 was charged off due to a $400 line of credit the offender possessed at Red Rock Casino.

5. **Pay Fine and or Restitution** - **If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.**

Kimber is ordered to pay $345,000 in restitution. On April 2, 2013, Kimber signed a payment plan with the U.S. Probation Office agreeing to pay 10% of her gross income each and every month starting on March 1m 2013. Kimber has failed to pay restitution for the following months:

January to March 2014
June 2014
August 2014
October to December 2014
April 2015
June and July 2015
September through December 2015
January to June 2016
October 2016
December 2016

RE: Angelica Kimber

Prob12C
D/NV Form
Rev. June 2014

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

&boxtimes; Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **January 23, 2017**

Sunny Cascio
2017.01.26 15:52:47 -08'00'

Sunny Cascio
United States Probation Officer

Approved:

Todd Fredlund
2017.01.23 18:29:19 -08'00'

Todd J. Fredlund
Supervisory United States Probation Officer

*THE COURT ORDERS*

☐   No Action.

☐   The issuance of a warrant.

X   The issuance of a summons.

☐   Other:

Signature of Judicial Officer

January 27, 2017

Date

RE: Angelica Kimber

Prob12C
D/NV Form
Rev. June 2014

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. ANGELICA KIMBER,  2:10CR00055

### SUMMARY IN SUPPORT OF PETITION FOR SUMMONS
January 23, 2017

On January 17, 2017, Kimber was seen at her employer by SUSPO Fredlund, and was asked to submit a breath alcohol test. She complied and provided a breath alcohol test which yielded a reading of .038 and .039 percent BAC, respectively.

When asked about her alcohol consumption, Kimber was untruthful, telling SUSPO Fredlund she had consumed cold medicine. Ultimately, she admitted having consumed a "Mike's Hard Lemonade," prior to coming to work. SUSPO Fredlund asked her about the alcohol container and Kimber advised it was in her vehicle. Kimber voluntarily took SUSPO Fredlund to her vehicle where the empty can of alcohol was situated in the cup holder. Kimber was asked why she decided to drink alcohol, and she reported she was having anxiety about calling SUSPO Fredlund earlier that morning. It is noted that SUSPO Fredlund tried calling Kimber several days prior and left her a voicemail requesting a callback. SUSPO Fredlund was able to recover the receipt for the alcohol, which revealed Kimber purchased the alcoholic beverage at 8:50 a.m. It is noted she called SUSPO Fredlund back and left a voicemail at 8:02 a.m. the same morning. This shows that Kimber did not purchase the alcohol until after she called SUSPO Fredlund, and therefore, was untruthful.

On January 18, 2017, the undersigned met with the offender. She was extremely upset and disappointed with herself. She made several statements indicating she was having trouble controlling herself from drinking alcohol. We discussed a timeline for January 17, 2017, as she was scheduled to meet with this officer that afternoon. Knowing that she purchased the alcohol at 8:50 a.m., she was confronted her with the fact that she sent a text message to the undersigned at 8:55 a.m., asking if she could reschedule our meeting. Kimber was asked if she was drinking her alcoholic beverage while she was texting this officer, and she admitted she was.

Kimber was asked if she consumed alcohol while driving her car from the store parking lot to the parking lot of her employer. She denied driving, however, she admitted to having an open container of alcohol in her vehicle.

During the conversation, Kimber admitted to several other dates in which she consumed alcohol. The first of which was New Year's Eve, or December 31, 2016. Kimber reported she "went out" with some friends, and essentially gave herself "permission to drink." When asked how she felt about the fact that she had consumed alcohol the next morning, her response was, "Hung over." This response suggests to the undersigned that Kimber had little insight into the seriousness of her alcohol issue. She also admitted she consumed alcohol on January 14, 15, and 16, 2017.

RE: Angelica Kimber

Prob12C
D/NV Form
Rev. June 2014

Kimber was presented with and agreed to sign a modification, adding 90 days of alcohol monitoring to her special conditions of probation. She appeared relieved, and made the statement that this device would assist her in remaining sober from alcohol.

Aside from the ongoing use of alcohol, it appears the offender has opened numerous lines of credit without permission of the probation office, and has defaulted on nearly all of them. In a sense, she has created additional victims. It appears Kimber has no regard for the orders of the Court. While busy opening lines of credit, it is noted Kimber made minimal payments toward her restitution. Since the time of sentencing on March 29, 2012, Kimber has made a total of $5,795.70 towards her $345,000 restitution order. Her current balance is $339,204.30.

Given Kimber's prior revocation for methamphetamine use, followed by the modification for consuming alcohol while at the residential re-entry center (RRC), and her recent alcohol use, it is believed there is cause for Kimber to appear before the Court to show cause as to why her probation should not be revoked. Less than one year ago, Kimber was arrested for being in possession of methamphetamine and new charges were filed. She also faced revocation on the instant offense. Shortly after being reinstated on probation, Kimber again violates by drinking alcohol while she is in the RRC. Now here we are again. Kimber is found to have consumed alcohol while in her vehicle, prior to starting work. A summons was requested as Kimber agreed to the addition of alcohol monitoring pending revocation.

The offender has less than two months left on supervision, and the undersigned is not confident she possesses the tools to be a law abiding, self-sustaining citizen, sober from both alcohol and/or drugs. Therefore it is respectfully requested a summons be issued for Kimber to appear before the Court on the above-listed violations.

Respectfully submitted,

Sunny Cascio
2017.01.26 15:53:16
-08'00'

_____
Sunny Cascio
United States Probation Officer

Approved:

Todd Fredlund
2017.01.23
18:29:34 -08'00'

_____
Todd J. Fredlund
Supervisory United States Probation Officer